UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

H. NICOLE YOUNG,

        Plaintiff,

   v.

ARNOLD SCHWARZENEGGER, et al.

        Defendants.
_____/

No. C-10-03594-DMR

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

On August 16, 2010, Plaintiff H. Nicole Young filed a Complaint and an Application to Proceed *In Forma Pauperis* before this Court. *See* Docket Nos. 1 and 2. Plaintiff subsequently consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). On November 12, 2010, this Court granted Plaintiff's Application to Proceed *In Forma Pauperis* but dismissed Plaintiff's Complaint without prejudice, with leave to amend ("November 12 Order"). On December 13, 2010, Plaintiff filed an amended Complaint. Docket No. 9. Based on grounds of abstention as explained below, Plaintiff's amended Complaint is DISMISSED without prejudice and without leave to amend.[1]

---

[1] The Court does not require the consent of Defendants in order to dismiss this Complaint because Defendants have not been served and therefore are not parties within the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. C 00-1067 JCS (PR), 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (*citing Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served and thus were not parties)).

## I. REVIEW UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915, a federal court must engage in a preliminary screening of cases in which a party is proceeding *in forma pauperis* and dismiss a complaint prior to service if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Where a *pro se* plaintiff is proceeding *in forma pauperis*, dismissal without leave to amend is appropriate only if it is clear that no amendment can cure the defect. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (citations omitted).

## II. DISCUSSION

This action is rooted in a child custody dispute between Plaintiff, the mother of two children, and their father. As in her original Complaint, Plaintiff's amended Complaint reasserts federal constitutional violations of due process and equal protection, as well as a claim under 42 U.S.C. § 1983, arising from the underlying child custody decisions of the state family court. Plaintiff maintains that the Governor of California, the state Attorney General, and the San Francisco Chief of Police, in their official capacities, have violated her constitutional rights by enforcing the "best interests of the child" standard as codified in California Family Code ("Family Code") §§ 3010-3022.

Two main distinctions exist between Plaintiff's original and amended Complaints. First, in her amended Complaint, Plaintiff adds another defendant, Rosalinda Ponce, in her official capacity as Deputy Clerk of San Francisco County Superior Court. Second, Plaintiff clarifies that she is not claiming injury based on the prior deprivation of 50% custody of her children – which, as this Court explained in its November 12 Order, did not establish an injury in fact under Article III because Plaintiff appears to currently enjoy the custody arrangement she seeks. Instead, Plaintiff attempts to proceed on the assertion that the mere existence and enforcement of the Family Code's "best interests of the child" standard – apart from how the family court actually decided the custody dispute in her particular case – invade her alleged constitutional right as a separated parent to make decisions regarding the care and custody of her children, free of "government intervention" in the

first instance. In this regard, Plaintiff clarifies that the underlying child custody proceedings in state superior court commenced before her federal suit was initiated and are ongoing, with the latest in a series of hearings on her custody and visitation rights already set by the state court (for January 5, 2011) when Plaintiff filed her amended Complaint in December 2010. Plaintiff seeks a declaratory judgment that the Family Code sections at issue are unconstitutional, as well as injunctive relief to prohibit their enforcement.

Plaintiff's amendments do not mitigate against the concern raised by the Court in its November 12 Order regarding the applicability of *Younger* abstention to this case. In fact, Plaintiff's amended Complaint further demonstrates that such abstention is required, and this Court need not decide whether Plaintiff has met Article III standing requirements, nor is it appropriate to reach the merits of her claims. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (a district court does not overstep Article III limits when it abstains under *Younger* without deciding whether the parties present a case or controversy under Article III); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (federal court has leeway to choose among threshold grounds, including *Younger* abstention, for denying audience to a case on the merits).

In *Younger v. Harris*, the Supreme Court held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances. 401 U.S. 37, 49, 53 (1971). What has become known as the *Younger* abstention doctrine has since been extended to civil actions. *See Gilbertson v. Albright*, 381 F.3d 965, 971-72 (9th Cir. 2004) (en banc). In *Younger*, the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). This is because "interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). Therefore, federal courts should refrain from exercising jurisdiction in actions for injunctive or declaratory relief that would interfere with pending state judicial proceedings. *See Gilbertson*, 381 F.3d at 975, 978.

In the Ninth Circuit, *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: (1) there are ongoing state judicial proceedings; (2) an important state interest is involved; and (3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). A court may consider *sua sponte* whether *Younger* abstention should be invoked. *See id*. (citations omitted). Indeed, "[w]hen the case is one in which the *Younger* doctrine applies, the case must be dismissed." *Id*. (citation omitted).

The Court addresses below each factor considered in the *Younger* abstention analysis.

**A.    Ongoing state judicial proceedings**

For purposes of *Younger* abstention, the question is not whether the state judicial proceedings are still ongoing, but whether they were underway before initiation of the federal action. *See Gilbertson*, 381 F.3d at 969 n.4 (citing *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987)); *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir. 2001) (finding state proceeding was ongoing where state court suit was pending at the time federal suit was filed). Moreover, the proceedings are deemed ongoing until state appellate review is completed. *Gilbertson*, 381 F.3d at 969 n.4 (citation omitted). *See also Huffman*, 420 U.S. at 608 ("a necessary concomitant of *Younger* is that a party...must exhaust his state appellate remedies before seeking relief in the District Court" unless one of the exceptions to *Younger* applies).

Significantly, Plaintiff clarifies in her amended Complaint that her custody and visitation rights are still being determined in state superior court:

> "...although the dissolution of the marriage eventually became final on October 31, 2004, custody issues involving two children that resulted from the marriage is ongoing because, as per Cal. Fam. Code §§ 3010-3022, *all* questions of custody of minor children involved in a dissolution of marriage are ongoing until the children reach 18. The children's father therefore can, and has, repeatedly filed motions requesting that Plaintiff's constitutionally protected rights of 'an equal custody share of the children' be denied for any number of reasons. The latest such filing [in San Francisco County Superior Court] was in January of 2010, and a hearing that will determine Plaintiff's custody and visitation rights (the 4th such hearing resulting from this one motion and the 54th such hearing since July 3, 2003) is set for January 5, 2011."

Docket No. 9 (Amended Complaint ¶ 9 at 3:15-24) (emphasis in original).

Therefore, Plaintiff's amended Complaint reveals that the state custody proceedings she finds objectionable were underway as of at least January 2010, and were ongoing when Plaintiff first filed her federal suit in August 2010 – with the most recent custody hearing set and pending when Plaintiff filed her amended Complaint in December 2010.  Essentially, Plaintiff seeks "wholesale federal intervention into an ongoing state domestic dispute," which is "not the proper business of the federal judiciary."  *See Gordon*, 203 F.3d at 613-14.  Indeed, by seeking a declaratory judgment that the Family Code sections at issue are unconstitutional and an injunction against their enforcement – in favor of child custody decisions free of any "government interference" – Plaintiff seeks much more than a "federal injunction directing the future course of the state litigation" found impermissible by the Ninth Circuit.  *See id.* at 612-14 (*Younger* abstention found appropriate where plaintiff sought, *inter alia*, to enjoin superior court from further "interfering with" custody of child "without following specified procedures").  She in fact desires that the federal judiciary put a summary *end* to pending and future state child custody proceedings, as well as terminate all state involvement in child custody decisions altogether (absent a criminal conviction of one of the parents) – for her and for all parents who are separating.  Such is not the proper role of this Court.  *See generally*, *L.H. v. Jamieson*, 643 F.2d 1351, 1354 (9th Cir. 1981) (recognizing "wholly disruptive consequences associated with enjoining a state judicial proceeding or enjoining further enforcement of a state statute").

**B.     Important state interest**

The Ninth Circuit has recognized the state's important interest in the area of family relations, including domestic disputes over child custody.  *See Gordon*, 203 F.3d at 613 (finding important state interests were implicated, and *Younger* abstention appropriate, where child custody proceedings were ongoing); *see also Moore v. Sims*, 442 U.S. 415, 435 (1979) ("[f]amily relations are a traditional area of state concern").  Child custody proceedings "implicate the important, indeed compelling, [s]tate interest in protecting the welfare and best interests of children involved in custody disputes." *Zoe v. Family Court Servs. of Alameda County*, No. C 96-2588 CW, 1998 WL 292036, at *3  (N.D. Cal. March 26, 1998).  Furthermore, a state has a "vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'"

*Gordon*, 203 F.3d at 613 (citing *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). The Ninth Circuit has emphasized that "[t]his is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction...and in which the state courts have a special expertise and experience." *Gordon*, 203 F.3d at 613 (citations omitted).

Accordingly, the Ninth Circuit has applied *Younger* abstention to a private child custody dispute between parents, where the custody proceedings in state superior court were ongoing and one of the parents then filed a federal complaint. *See Gordon*, 203 F.3d at 611-13 (raising *Younger* abstention *sua sponte* and holding that "[t]his is precisely the type of case suited to *Younger* abstention") (citing *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (*Younger* abstention appropriate in § 1983 action alleging, *inter alia*, that a state court judge violated plaintiff's due process rights during custody battle with ex-husband)); *accord Lazaridis v. Wehmer*, 591 F.3d 666, 670-72 (3d Cir. 2010) (per curiam) (finding *Younger* abstention required dismissal of constitutional claim arising from underlying child custody dispute between private parties). District courts in this circuit have followed suit. *See, e.g.*, *Caetano v. Santa Clara County*, No. C-02-1191 PJH, 2002 WL 1677723, at *5-6 (N.D. Cal. July 19, 2002) (noting that *Younger* abstention would govern case where federal complaint arose out of private child custody dispute between husband and wife, to the extent state child custody proceedings may be ongoing, and plaintiff husband who was allegedly deprived of custody of his children by the state superior court sought to enjoin such proceedings); *Lundy v. Colmenero*, No. 08-CV-1153 JM (CAB), 2008 WL 3546739, at *4 (S.D. Cal. Aug. 13, 2008) (discussing *Younger* and commenting that court must abstain if child custody case was still pending in state court, where underlying custody dispute was between private parties); *Watts v. State of Montana*, No. CV-06-44-BU-SEH, 2007 WL 1295843, at *4-5 (D. Mont. May 1, 2007) (*Younger* abstention appropriate where plaintiff's federal suit arose out of child custody dispute with ex-husband and it appeared custody proceedings in state court were still pending). Moreover, the Supreme Court denied *certiorari* in a case decided by the Fourth Circuit involving just such a situation. *See Etlin v. Robb*, 458 U.S. 1112, 1112-13, 1115 (1982) (White, J., dissenting from denial of *certiorari*, joined by Brennan, J.) (noting that Fourth Circuit's *per curiam* opinion affirmed district court's dismissal based on *Younger* abstention where federal case alleging constitutional

6

1  violations arose from underlying child custody dispute between private parties; dissenting on basis
2  that Supreme Court has not ultimately resolved whether *Younger* applies to civil litigation between
3  private parties in which the state is not directly involved).

4      In sum, the Court finds that California has an important and indeed compelling interest in the
5  child custody issues and proceedings implicated here.

6  **C.**    **Adequate opportunity to raise federal question in state proceedings**

7      Under *Younger*, only an "*opportunity* to present... federal claims in the state proceedings" is
8  required. *Juidice*, 430 U.S. at 337 (emphasis added). A federal plaintiff "cannot escape *Younger*
9  abstention by failing to assert...remedies in a timely manner [in state court]." *See Pennzoil Co. v.
10 Texaco, Inc.*, 481 U.S. 1, 16 n.16 (1987) (citation omitted). The "relevant question is whether [the
11 plaintiff] *could have* presented those claims to the state court." *Kitchens*, 825 F.2d at 1342 (internal
12 quotation and citation omitted) (emphasis in original). Even the fact that the state supreme court has
13 previously rejected an identical constitutional challenge on its merits does not mean the state courts
14 have deprived a plaintiff of the opportunity to make the constitutional argument. *See Dubinka v.
15 Judges of the Superior Court*, 23 F.3d 218, 224-25 (9th Cir. 1994).

16     Furthermore, "[m]inimal respect for... state processes...precludes any *presumption* that the
17 state courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at 431 (emphasis
18 in original). Thus, *Younger* abstention applies "even if the constitutionality of the pending
19 proceedings is at the heart of [p]laintiff]s claim." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613,
20 619 (9th Cir. 2003). In this regard, the Supreme Court has noted that it was "unwilling to conclude
21 that state processes are unequal to the task of...deciding the constitutional questions that may arise in
22 child-welfare litigation." *Moore*, 442 U.S. at 435 (*Younger* abstention appropriate in civil action
23 brought to challenge constitutionality of Texas child abuse statutes). "Accordingly, when a litigant
24 has not attempted to present his federal claims in related state-court proceedings, a federal court
25 should assume that state procedures will afford an adequate remedy, in the absence of unambiguous
26 authority to the contrary." *Pennzoil*, 481 U.S. at 15.

27     The Supreme Court has announced that the burden rests on the federal plaintiff to
28 demonstrate that "state procedural law barred presentation" of the federal claims. *See id*. at 14

(citations omitted); *see also Moore*, 442 U.S. at 425-26 (*Younger* abstention appropriate "unless state law clearly bars the interposition of the constitutional claims"). The Ninth Circuit has adopted this rule. *See Dubinka*, 23 F.3d at 225 (plaintiff must show procedural bar to raising federal claims in state action to avoid *Younger*; opportunity to raise constitutional claims in state court existed because there was no such bar). The fact that state court judicial review is discretionary does not amount to a procedural bar against presentation of federal claims. *See Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995).

In this case, state procedural law does not bar assertion of Plaintiff's constitutional claims in the state court proceedings. Plaintiff may appeal the state court's custody orders in the state appellate courts, where she can challenge not only the merits of the custody orders but also raise her constitutional claims. *See Gordon*, 203 F.3d at 613 (plaintiffs involved in child custody proceeding before California superior court had adequate forum in which to pursue their federal claims; due process issues had in fact been raised in state appellate courts; and plaintiffs could appeal through state appellate courts after final judgment); *Zoe*, 1998 WL 292036, at *4 (finding all three *Younger* requirements were met where plaintiff's constitutional claim arose during course of ongoing child custody dispute in state court; noting that plaintiff has the right to appeal the state court's custody orders under California Code of Civil Procedure § 904.1). Thus, Plaintiff has an adequate opportunity to present her federal constitutional claims in California state courts. *See, e.g.*, *Enrique M. v. Angelina V.*, 174 Cal. App. 4th 1148, 1153-57 (2009) (federal constitutional questions considered on appeal of trial court order relating to underlying child custody dispute, where father asserted his fundamental right to parent his child required application of strict scrutiny standard to dispute). Plaintiff's apparent choice not to avail herself of such an opportunity does not mean she is not afforded one.

In her amended Complaint, Plaintiff relies heavily on *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (Supreme Court has "recognized the fundamental right of parents to make decisions concerning the care, custody, and control of their children"). The Court notes that *Troxel* does not involve an issue of *Younger* abstention. The procedural history of *Troxel* indicates that the child visitation laws at issue in that case were first considered by the state appellate court and state

supreme court, before a federal forum was sought. *See Troxel*, 530 U.S. at 60-63. Thus, *Troxel* was not a case where a party to a family law dispute pursued declaratory or injunctive relief in federal court that would have interfered with ongoing state proceedings, as Plaintiff seeks to do here.

**D.    No exception to *Younger* applies**

A court should not abstain based on *Younger* if the court finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or that other extraordinary circumstances exist. *Baffert*, 332 F.3d at 621. A court may also exercise jurisdiction even when the criteria for *Younger* abstention are met where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it." *Huffman*, 420 U.S. at 611. The latter exception to *Younger* abstention is "very narrow." *Dubinka*, 23 F.3d at 225 (noting that in the *Younger* case itself, this narrow exception did not apply even though the challenged statute under which the federal plaintiff was indicted had been effectively invalidated the previous year in a Supreme Court decision). Indeed, the Supreme Court has "unequivocally held that facial invalidity of a statute is not itself an exceptional circumstance justifying federal interference" with ongoing state judicial proceedings. *See Huffman*, 420 U.S. at 602 (discussing applicability of *Younger* abstention to pending state criminal proceedings).

Notwithstanding Plaintiff's belief that she possesses a legitimate challenge to the constitutionality of the Family Code, the Court does not find that the underlying child custody proceedings were motivated by a desire to harass Plaintiff or have been conducted in bad faith, or that other extraordinary circumstances are present. Nor does the Court find that the Family Code sections at issue are so "flagrantly and patently" unconstitutional as to invoke federal jurisdiction. Abstention is therefore appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court abstains based on *Younger*. Plaintiff's Complaint is DISMISSED without prejudice and without leave to amend. The Court does not reach the question

9

under 28 U.S.C. § 1915 of whether Plaintiff has stated claims upon which relief may be granted. The Clerk of the Court shall close the file.

    IT IS SO ORDERED.

Dated: January 18, 2011

DONNA M. RYU
United States Magistrate Judge